

Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
T (617) 946-4800
F (617) 946-4801

nchomiak@seyfarth.com
T (617) 946-8342

www.seyfarth.com

December 5, 2024

Hon. Vernon D. Oliver
United States District Judge
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street
Hartford, CT 06103

RE: <u>Lisa Madsen v. Pratt & Whitney</u>
     3:24-cv-01531-VDO

Dear Judge Oliver:

Defendant Pratt & Whitney ("Pratt") respectfully requests a pre-filing conference in the above reference matter so it may file a Motion to Dismiss Plaintiff's Complaint in its entirety as set forth below. The undersigned spoke with counsel for Plaintiff, William Wynne, about Pratt's anticipated motion on or about September 26, 2024, and again on December 4, 2024. The parties are not able to come to an accord.

<u>Basis for Anticipated Motion</u>

Pratt intends to move to dismiss Plaintiff's entire Complaint because Plaintiff failed to timely or adequately exhaust her administrative remedies and her claims are time-barred. Plaintiff, a former Pratt employee, claims Pratt discriminated and retaliated against her in 2019, 2020, 2021, and 2022. (Compl. ¶ 15.) She alleges Pratt notified her that her employment was terminated on December 6, 2022. (Compl. ¶ 16.) Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on December 28, 2023, alleging claims of age and disability discrimination. (Compl. ¶ 3.)

Plaintiff asserts the following causes of action in her Complaint: Count One, violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*("ADEA"); Count Two, violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"); Count Three, violation of VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended ("Title VII"); and Count Four, violation of the Connecticut Fair Employment Practices Act ("CFEPA").

Plaintiff's claims are barred because, contrary to the applicable statutory requirements: (1) Plaintiff failed to file a Charge with the EEOC within 300 days of the termination of her employment; (2) Plaintiff failed to assert in her Charge that she experienced sex discrimination or that Pratt violated Title VII; and (3) Plaintiff failed to obtain a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Thus, Plaintiff failed to timely exhaust mandatory statutory requirements, and the time for her to do so has expired.



Hon. Vernon D. Oliver<br>
December 5, 2024<br>
Page 2

<u>Proposed Briefing Schedule</u>

Pratt proposes that it file its Motion to Dismiss within one week after the pre-filing conference. The parties jointly propose that due to the upcoming holidays, Plaintiff has 45 days to submit her Opposition to Pratt's Motion to Dismiss, and that Pratt has 15 days thereafter to submit its Reply.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Nicole C. Chomiak*

Nicole C. Chomiak

<u>Certificate of Service</u>

I certify that on December 5, 2024, a true and correct copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Nicole C. Chomiak*<br>
Nicole C. Chomiak

315055913v.2