UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
LISA P. MADSEN,                                  :
                                                 :
                        Plaintiff,               :
                                                 :      **MEMORANDUM &**
           -against-                             :      **ORDER**
                                                 :
PRATT & WHITNEY,                                 :      3:24-CV-1531 (VDO)
                                                 :
                        Defendant.               :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

This employment discrimination action is before the Court on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Plaintiff Lisa P. Madsen brought this action against Defendant Pratt & Whitney, a division of RTX Corporation, alleging causes of action for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §46a-60 *et seq.*[1] While employed by Defendant, Plaintiff alleges that she was subjected to discrimination on the basis of age, sex, and disability, and that Defendant retaliated when she exercised her rights under the Family Maternity Leave Act ("FMLA"). For the reasons set forth below, Defendant's motion is **granted**.

---

[1] *See generally* First Amended Complaint ("FAC"), ECF No. 27.

I.  **BACKGROUND**

   A.  **The Parties**

Defendant—a company with more than fifty employees—designs, manufactures, and services aircraft engines, power units, and turbojet propulsion products.[2] Defendant hired Plaintiff in 1986.[3]

During her employment, Plaintiff resided and worked in Connecticut.[4] While Plaintiff was promoted to the rank of Project Manager, Plaintiff asserts that Defendant discriminated and retaliated against her in 2019, 2020, 2021, and 2022 due to multiple factors involving on-the-job related hand injuries.[5] On December 6, 2022, Defendant notified Plaintiff that it was terminating her employment.[6] On January 13, 2023, Defendant sent Plaintiff a verification of employment letter indicating that she was employed by Defendant from November 7, 2005 to December 15, 2022.[7]

   B.  **Procedural History**

On October 6, 2023, Plaintiff filed an administrative complaint with the Office of Federal Contract Compliance Programs.[8] On October 31, 2023, the OFCCP transferred Plaintiff's administrative complaint to the EEOC pursuant to a Memorandum of

---

[2] FAC ¶¶ 10, 11.
[3] *Id.* ¶ 13.
[4] *Id.* ¶ 6.
[5] *Id.* ¶¶ 14, 15, 18.
[6] *Id.* ¶¶ 16, 62.
[7] ECF No. 33-1 at 2.
[8] FAC ¶ 3.

2

Understanding, deeming the administrative complaint dual-filed as an EEOC charge of discrimination.[9]

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[10] The motion was fully briefed on June 16, 2025.[11]

II.   **LEGAL STANDARD**

   A.   **Motion to Dismiss For Lack of Jurisdiction**

A party may move to dismiss a complaint for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When the Rule 12(b)(1) motion is facial, "*i.e.*, one 'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57). The pleading must "show[] by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). In ruling on a jurisdictional challenge to the complaint, "a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Id*.

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter*, 822 F.3d at 57 (citations omitted). "It is

---

[9] *Id.* ¶ 4.
[10] ECF No. 28.
[11] ECF Nos. 33, 34.

only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision[.]" *Carter*, 822 F.3d at 57.

  **B.**  **Motion to Dismiss For Failure to State a Claim**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal citation omitted). "[T]he court must accept the material facts

4

alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

### III. DISCUSSION

The Court finds that Plaintiff's claims under Title VII, the ADA, the ADEA, and the CFEPA are time-barred.

A plaintiff in Connecticut must file a discrimination charge with the EEOC within 300 days of the date a claim accrues under Title VII, the ADA, the ADEA, and the CFEPA. *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023) (Title VII); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (ADA); *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 112 (2d Cir. 2008) (ADEA); Conn. Gen. Stat. § 46a-82(f)(1) (a plaintiff must file an administrative complaint "not later than three hundred days after the date of the alleged act of discrimination"). Because the CFEPA is interpreted in accordance with federal antidiscrimination laws, "[t]he standard for evaluating the CFEPA's statutory limitation period with respect to discrete acts is therefore the same as that articulated in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)." *V.W. v. Yale Univ.*, No. 22-CV-01156, 2024 WL 4349032, at *4 (D. Conn. Sept. 30, 2024). In *Morgan*, the Supreme Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 113. Therefore, "[w]here the plaintiff complains of discrete discriminatory or retaliatory acts such as termination, failure to promote, denial of transfer, or refusal to hire, such claims are not actionable if they occurred prior to the 300-day period even though they may be related to acts that occurred within the permissible 300-day

period." *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (quotation marks and citation omitted).

Because Plaintiff filed the administrative complaint on October 6, 2023, any conduct occurring before December 10, 2022 is not actionable under the general 300-day rule. Plaintiff asserts that her claims are timely because her last date of employment was December 15, 2022, which Defendant confirmed in a letter. Indeed, if that date was the first occasion for Plaintiff to learn that Defendant was terminating her employment, then there was an adverse action within the limitations period. "[A] discrimination claim accrues upon notice of termination, rather than upon the implementation of that decision." *Shultz v. Congregation Shearith Israel of New York*, 867 F.3d 298, 305 (2d Cir. 2017). Put another way, "the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision, not from the date the decision takes effect." *O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir. 1985). But Plaintiff alleges that Defendant notified Plaintiff that it was terminating her employment on December 6, 2022.[12] Moreover, Plaintiff confirms via affidavit that, on December 6, 2022, she was informed by her supervisor and human resources by a telephone conference that she was terminated.[13] Accordingly, because Plaintiff filed her administrative complaint more than three hundred days after receiving notice of her termination, Plaintiff's claims under Title VII, the ADA, the ADEA, and the CFEPA are untimely and must be dismissed.

---

[12] FAC ¶¶ 16, 62.

[13] Madsen Aff., ECF No. 33-7 ¶ 3.

## IV. CONCLUSION

For the reasons described above, Defendants' motion to dismiss is **granted** and all claims are dismissed. In light of the Court's analysis of the relevant limitations period and Plaintiff's failure to state a claim even after being given an opportunity to amend the complaint, it would be futile to allow Plaintiff further opportunity to amend. Accordingly, leave to amend is denied.

The Clerk is respectfully directed to enter judgment and to close the case.

**SO ORDERED.**

Hartford, Connecticut
October 20, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge